**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



Leon Kornegay,

        Plaintiff,

v.

State of New York, *et al.*,

        Defendants.

**REPORT & RECOMMENDATION**
06-CV-6153

## Preliminary Statement

Plaintiff Leon Kornegay, appearing *pro se*, brings this action under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights. (Docket # 15). Plaintiff alleges, *inter alia*, that defendant corrections officers used excessive force, verbally harassed him and conspired to deprive him of food, water and medical care. (Docket # 15). Currently pending before the Court is plaintiff's motion to amend his Amended Complaint. (Docket # 56). With the instant motion, plaintiff seeks to add new defendants. (Docket # 56).

By Order of Judge David G. Larimer, dated March 19, 2008, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket # 36). The following is my Report and Recommendation as to the plaintiff's motion to amend complaint (Docket # 56).

## Relevant Facts

This is Kornegay's second attempt to amend his complaint to add defendants.[1] Plaintiff filed his prior motion to amend (Docket # 50)

---

[1] Kornegay has been described by one federal judge as a "frequent filer" of *pro se* lawsuits in federal court. <u>Kornegay v. New York State Office of Mental Health</u>, No. 09-cv-4066 (SJF)(ETB), 2010 WL

on July 17, 2009, therein seeking leave to amend his Complaint to add defendants because "I was informed that I did not include all defendants on the face of my complaint; although I included some defendants in the body." Plaintiff requested permission to amend his Complaint "to properly reflect all defendants on its face." (Docket # 50). On January 7, 2009, Judge Larimer denied without prejudice plaintiff's prior motion to amend to add new defendants (Docket # 50) on grounds that he did not attach a proposed amended complaint and it was "not clear what defendants plaintiff is referring to or precisely how he seeks to amend his complaint." (Docket # 55).

Plaintiff again seeks leave to amend his Complaint to add defendants because "[m]y complaint is defective on its face. It does not include all defendants who I am able to name in my complaint." (Docket # 56). Plaintiff seeks to add four defendants, namely Officers "Big Tiny", "D. Foulk", "John Baily" and "Woodward." (Docket # 56). All four new defendants apparently were corrections officers at the Elmira Correctional Facility where plaintiff was incarcerated during the relevant time period. Plaintiff alleges that (1) in November 2005 and February 2006 Officer Woodward threatened him for writing grievances; (2) on March 2, 2005, Officer Foulk used excessive force against him and failed to stop others from using excessive force; (3) on March 7, 2005, Officer Baily assaulted him, and (4) on March 7, 2005, Officer "Big Tiny" denied him meals "for 3-5 full days." See Proposed Amended Complaint (Docket # 56). Defendants oppose plaintiff's motion to amend the Amended Complaint.

87834, at *1 (E.D.N.Y. Jan. 7, 2010).

2

### Discussion

According to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), a party may amend its pleading after responsive pleadings have been filed "only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." A decision to grant or deny a motion to amend is within the sound discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, unless there is undue delay, bad faith, prejudice to the opposing party, or futility of amendment, "the leave sought should, as the rules require, be 'freely given.'" Id. Furthermore, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984).

Notwithstanding the liberal standard for amending a complaint, the Court may properly deny a motion to amend if the amendment would be futile. Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile."); Lucente v. Int'l Machs. Bus. Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile."). An amendment is futile if the claims plaintiff seeks to add would be barred by the statute of limitations. Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000).

Relation back doctrine: The statute of limitations for § 1983 claims filed in New York is governed by New York's three year statute of limitations for personal injury actions and accrues "when the

3

plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. C.P.L.R. § 214. Here, I find that Kornegay's § 1983 claims against the four new defendants began to accrue more than three years before he filed the instant motion to amend. Thus, his efforts to add these defendants as parties would be futile unless the allegations "relate back" to the filing of his first amended complaint (Docket # 15).

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001). Under the Federal Rules of Civil Procedure, an amended complaint adding a new party will "relate back" to the filing of the original complaint for statute of limitations purposes only if certain conditions are met. FRCP Rule 15(c) is entitled "Relation Back of Amendments" and provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

4

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Fed. R. Civ. P. 15(c)(1).

<u>Proposed defendants "Big Tiny", "D. Foulk" and "John Baily"</u>: The Court will assume *arguendo* that plaintiff can satisfy two of the requirements of Rule 15(c)(1), that is (1) "Big Tiny", "D. Foulk" and "John Baily" are part of the same conduct, transaction and occurrence set forth in the first amended complaint, and (2) that the attorney representing the DOCS defendants "knew or should have known" that these defendants would be named as defendants in the action. The third requirement is that plaintiff made "a mistake concerning the proper party's identity." It is this third requirement that plaintiff can not satisfy and which renders the proposed amendment as to "Big Tiny", "D. Foulk" and "John Baily" futile.

In moving to amend, plaintiff claims that the defendants he seeks to add were in "the body" of his amended complaint (Docket # 15) but not "on the face" of it. However, a review of the amended complaint reveals that only proposed defendant Woodward appears in the "body" of the amended complaint (Docket # 15). A lack of knowledge concerning the identity of proper defendants does not constitute a "mistake" for purposes of the relation back rule. "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466, 470 (2d Cir. 1995), <u>modified</u>, 74 F.3d 1366 (2d Cir. 1996).

5

In his amended complaint, plaintiff alleged that the March 7, 2005 assault was committed by "Officer Bryan and other John Doe officers." He also alleged that on March 7, 2005, Officer Hondol, "acting in concert with other Elmira Correctional Facility Officers starved me for at least 3-5 full days." As to the March 2, 2005 assault, plaintiff alleged in his amended complaint simply that "Elmira Correctional Facility Officers" handcuffed him, shut the lights off and assaulted him. The use of "John Doe" or "other correctional officers" defendants does not alter the statute of limitations analysis. "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Barrow, 66 F.3d at 468 (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)); see also Peralta v. Donnelly, No. 04-CV-6559 (CJS), 2009 WL 2160776, at *4 (W.D.N.Y. July 16, 2009)("[A] plaintiff cannot rely on a John Doe defendant to serve as a place holder for purposes of circumventing the statute of limitations"). Contrary to plaintiff's assertion, "Big Tiny", "D. Foulk" and "John Baily" were not named in the body of the his amended complaint. See Amended Complaint (Docket # 15) at ¶ 6. The fact that their identities were unknown is not a "mistake" for purposes of relation back under Rule 15(c). See Barrow, 66 F.3d at 470 (noting that where "new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met"). Accordingly, the proposed amended complaint seeking to add "Big Tiny", "D. Foulk" and "John

6

Baily" as defendants is denied as futile.

<u>Proposed defendant Woodward</u>: Proposed defendant Woodward stands on different footing in my view. In the amended complaint, plaintiff alleges that in November 2005 and February 2006 "Officer Woodward threatened me by stating things will get worst [sic] for me" by writing grievances. These exact allegations are repeated in the proposed amended complaint. Thus, it appears that plaintiff intended on Woodward being a defendant when he filed the amended complaint and simply omitted his name from the caption as a named defendant in error. This error is more akin to a technical defect than a mistake in identity and should be permitted. <u>See</u>, <u>e.g.</u>, <u>Nationwide Mut. Ins. Co. v. Kaufman</u>, 896 F. Supp. 104, 109 (E.D.N.Y. 1995)("Where a party has actual notice of a suit and is correctly identified in the body of the complaint, courts have typically held that an error in the caption is a technical defect."); <u>Dolphin v. Waterbury Police Dep't</u>, No. 3:05CV426(HBF), 2008 WL 2568667, at *4 (D. Conn. June 24, 2008)("When a plaintiff omits the name of a defendant from the caption, but accurately identifies the defendant and includes allegations against it, him or her in the body of the complaint, such an omission is viewed as a 'technical defect.'").

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that plaintiff's motion to amend to add defendant Woodward be **granted**, and that plaintiff's motion to amend to add defendants "Big Tiny", "D. Foulk" and "John Baily" as defendants be **denied as futile**. **SO ORDERED.**

```
_____
JONATHAN W. FELDMAN
United States Magistrate Judge
```

Dated:   September 28, 2010
         Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: September 28, 2010
Rochester, New York